The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on the following question:
 Since the prescribed method for appointment of election judges and clerks is contingent upon whether a paper ballot is used or a voting machine is used, I request an opinion on determination of whether the scanning machines presently being used in Pulaski County constitute use of a paper ballot and the prescribed method of judge and clerk selection [A.C.A. § 7-4-107(c)] applies or if the use of the scanning device makes this a "voting machine" and thus makes A.C.A. § 7-4-107(d) the prevailing method of selecting judges and clerks.
It is my opinion that the use of the "scanning machines" in Pulaski County constitutes neither the use of paper ballots nor "voting machines," but rather amounts to the use of an "electronic voting system" as authorized by A.C.A. §§ 7-5-601 to -616 (Repl. 1993). Such systems are defined as "a system of casting votes by use of marking devices and tabulating votes by use of automatic tabulating equipment or data processing equipment, but shall not include those voting machines authorized under this chapter." A.C.A. § 7-5-602(5). A "marking device" means either an apparatus in which vote cards are inserted and used in connection with a punch apparatus for piercing of vote cards by the voter or any approved device for marking a papervote sheet with ink or other substances which will enable thevotes to be tabulated by means of automatic tabulatingequipment." A.C.A. § 7-5-602(6). Emphasis added.
The method for appointment of election judges and clerks in counties using "electronic voting systems" is not specifically delineated in the statute you mention (A.C.A. § 7-4-107), nor in any one particular place in the Arkansas Code. A recent 1993 act makes clear, however, that there are to be only two election judges for each precinct in counties using "electronic scanning equipment." See A.C.A. § 7-4-107(a), as amended by Act 511 of 1993. This was the conclusion of a previously issued Attorney General's opinion, despite some conflicting statutes on the question which existed prior to the 1993 amendment. See Op. Att'y Gen. 89-271 (copy enclosed). It is my opinion pursuant to the 1993 act, and Opinion 89-271, and in light of the fact that A.C.A. § 7-4-107 does not expressly set out the complete procedure for appointing judges and clerks in counties using "electronic voting systems," that these judges, clerks, and sheriff should be appointed in like manner as A.C.A. §7-4-107(d), which is applicable to counties using "voting machines." We know that it should not be in accordance with the procedures set out in A.C.A. § 7-4-107(c), because that subsection contemplates the appointment of three election judges, which we know, by virtue of the 1993 act, is not be done in counties using electronic scanning equipment.
Thus, viewing all the statutes as a whole, it is my opinion that in counties using "electronic voting systems" such as Pulaski County, two judges and two clerks should be appointed by the board of election commissioners. One judge and one clerk should represent the majority party and one judge and one clerk should represent the minority party. The board should appoint one election sheriff for each polling place to serve on a nonpartisan basis. See generally A.C.A. § 7-4-107 (d)[1] and A.C.A. § 7-4-107(a) (last sentence).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosure
[1] This subsection also provides that "[a]dditional sets of judges and clerks may be appointed at each polling place if the county board of election commissioners determines they are necessary. . . ." It is arguable that this language would not allow the appointment of additional judges of election in counties using electronic voting systems, in light of the language of the 1993 act stating that "there shall be only two (2) judges for each voting precinct in counties using electronic scanning equipment." See A.C.A. § 7-4-107(a).